**UNITED STATES BANKRUPTCY COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

In re:                                              )        Case No. 3:15-BK-01547-JAF

TIMOTHY G. SHEA                          )        Chapter 7

         Debtor.                                  )
_____

## TRUSTEE'S MOTION TO APPROVE COMPROMISE

NOTICE OF OPPORTUNITY TO
OBJECT AND REQUEST FOR HEARING

Pursuant to Local Rule 2002-4, the Court will consider this motion, objection,
or other matter without further notice or hearing unless a party in interest files
a response within 21 days from the date set forth on the proof of service
attached to this paper plus an additional three days for service. If you object to
the relief requested in this paper, you must file your response with the Clerk of
the Court at 300 North Hogan Street, Suite 3-350, Jacksonville, Florida 32202
and serve a copy on the movant's attorney, Lanny Russell, Smith Hulsey &
Busey, 225 Water Street, Suite 1800, Jacksonville, Florida 32202, and any
other appropriate persons within the time allowed.

If you file and serve a response within the time permitted, the Court may
schedule and notify you of a hearing, or the Court may consider the response
and may grant or deny the relief requested without a hearing. If you do not file
a response within the time permitted, the Court will consider that you do not
oppose the relief requested in the paper, will proceed to consider the paper
without further notice or hearing, and may grant the relief requested.

         Gordon P. Jones, as Chapter 7 Trustee, and pursuant to Fed. R. Bankr. P. 6007(a) and

9019(a), hereby moves the Court for an Order approving the compromise of claims by and

between the Trustee and the Debtor, Timothy G. Shea, and states:

### I.    Background

         Debtor filed his Chapter 7 bankruptcy petition in this action on April 7, 2015 (Doc. No.

1). The Court appointed Gordon P. Jones as Trustee the next day.  On June 9, 2015, the Debtor

filed amended schedules (Doc. No. 18). The Trustee objected to several of the Debtor's claims of exemption (Doc. No. 19). On November 6, 2015, the Trustee and Debtor participated in mediation, which resulted in the Mediated Settlement Term Sheet attached as Exhibit A.

## II.    Non-Allowable Exemptions

The Trustee believes some of the Debtor's exemptions fail as a matter of law. First, the Debtor claimed as exempt in Schedule C the cash surrender values of three Principal Financial Group Life Insurance Policies, which were the subject of the Trustee's Motion for Partial Summary Judgment (Doc. No. 48). The Court granted the Trustee's Motion (Doc. No. 58) and this compromise does not alter the turnover ordered by the Court.

Second, the Debtor claimed as exempt in Schedule A the value of real property located in Manitoba County, Canada. However, the Trustee's research suggests that Manitoba and Canadian law may not recognize tenancy by the entireties, at least not in the bankruptcy context, although further research and engagement of Canadian counsel would be needed prior to seeking the Court's ruling on this issue.

## III.    Conversions of Non-Exempt to Exempt Property

The Trustee's investigation revealed the Debtor might have fraudulently converted non-exempt assets into exempt real and personal property. First, the Trustee's investigation shows that, between April and September of 2013, the Debtor used $5,658.08 from his individually owned bank account with Fifth Third Bank to improve his homestead property located at 4217 S. 2nd Street, Jacksonville Beach, Florida 32250. This property is subject to the Bankruptcy Code's protection for property owned by tenants by the entireties (11 U.S.C. § 522(b)(3)(B)) and also to the Florida Constitution's homestead protection (Fla. Const. art. X, § 4(a)(1)). Therefore, the Trustee would need to prove actual fraud to have the value of the exemptions reduced. The

Debtor argues that he made good faith improvements and repairs that were needed to his home, and that he had no fraudulent intent. His Rule 2004 examination testimony supports his argument. The Trustee does not believe he could prove actual fraud and, therefore, the Trustee abandons this claim.

Second, the Trustee believes there is a basis to claim that the Debtor engaged in several activities to indirectly convert non-exempt funds from his individually owned bank account with Fifth Third Bank to exempt funds in his SunTrust Bank accounts owned jointly with his non-filing spouse (the "Spouse"). The Debtor deposited distributions and other payments issued to him into the SunTrust accounts. Additionally, the Debtor used his individual account to loan his sister ("Sister") monies to repair her house. Then, when Debtor's sister partially reimbursed him, he deposited the funds into his joint account at SunTrust. The Debtor argues these payments were deposited into his joint accounts as a matter of course and that he could show a history of this practice for the payment of joint bills and living expenses. These facts make proof of fraud difficult.

## IV.    Transfers

The Trustee's investigation revealed several transfers that might be fraudulent. These include gifts made to the Debtor's son ("Son"); payments of Spouse's individually held credit cards (on which Debtor was a cardholder); and sale of the Debtor's interest in BBT Investors, LLC to BWB Investors, LLC for what was arguably less than reasonably equivalent value based on values Debtor had put for his one-third interest in BBT Investors, LLC in personal financial statements Debtor prepared in years prior to his bankruptcy filing.

The Trustee would need to prove fraud to recover these transfers, and the Debtor has potentially meritorious defenses such as good faith, joint obligation on the credit cards, and the

3

impact of the downturn in the economy on the value of his interest in BBT Investors, LLC.

## V.    Terms of Compromise

In satisfaction of the Trustee's Objection to Exemptions, any objection to Debtor's discharge, and all unasserted claims against Debtor, Spouse, Sister, Son, BWB Investors, LLC, and others based upon alleged transfers of assets by the Debtor and alleged conversions of certain assets belonging to the Debtor from non-exempt to exempt (the "Estate's Claims"), the Trustee and Debtor have agreed to a compromise.[1] The terms of the compromise are reflected in the Mediated Settlement Term Sheet and incorporated by reference.

## VI.    Legal Argument

Fed. R. Bankr. P. 9019 provides, "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement. Notice shall be given to creditors, the United States trustee, the debtor, and indenture trustees as provided in Rule 2002 and to any other entity as the court may direct." In this Circuit, the standard for determining whether to approve a compromise pursuant to Rule 9019(a) is set forth in *Wallis v. Justice Oaks II, Ltd. (In re Justice Oaks II, Ltd.)*, 898 F.2d 1544, 1549 (11th Cir. 1990):

> "When a bankruptcy court decides whether to approve or disapprove a proposed settlement, it must consider: (a) The probability of success in the litigation; (b) the difficulties, if any, to be encountered in the matter of collection; (c) the complexity of the litigation involved, and the expense, inconvenience and delay necessarily attending it; (d) the paramount interest of the creditors and a proper deference to their reasonable views in the premises."

In reviewing the proposed compromise, it is appropriate for the Court to "give weight to the trustee's informed judgment that a compromise is fair and equitable." *Romagosa v. Thomas*, No. 6:06-CV-301-ORL-19, 2006 WL 2085461, at *5 (M.D. Fla. July 25, 2006) *aff'd sub nom. In re Van Diepen, P.A.*, 236 F. App'x 498 (11th Cir. 2007).  After canvassing the issues, the Court

---

[1] The Trustee and Debtor previously agreed to extend the term for Trustee to file a discharge action until December 11, 2015. The deadline for other creditors of the estate to file discharge actions has passed.

4

should "determine whether the settlement falls 'below the lowest point in the range of reasonableness.'" *Id.* (quoting *In re W.T. Grant Co.*, 699 F.2d 599, 608 (2d Cir. 1983).

The Trustee believes this compromise is in the best interests of the creditors of the estate. Under the standard outlined above and in view of the uncertainties of litigation, especially with so many of the Estate's Claims requiring proof of fraud, the Trustee believes the Court should approve this compromise because it is fair and equitable. And, because the costs and time involved in resolving the Estate's Claims (including litigation expense of submitting multiple claims to the trier of fact) could yield less than what the creditors will receive as a result of this compromise, the Trustee believes it is reasonable and recommends it to the creditors of this Estate.

WHEREFORE, the Trustee respectfully moves the Court to enter an Order approving this compromise and granting any other relief to which he may be entitled.

SMITH HULSEY & BUSEY

By _____
     Lanny Russell
     Joseph W. Rogan

Florida Bar Number 303097
Florida Bar Number 111731
225 Water Street, Suite 1800
Jacksonville, Florida 32202
(904) 359-7700
(904) 359-7708 (facsimile)
lrussell@smithhulsey.com
jrogan@smithhulsey.com

Attorneys for Gordon P. Jones,
as Chapter 7 Trustee

STATE OF FLORIDA                    )
COUNTY OF DUVAL                     )

BEFORE ME, the undersigned authority, personally appeared Timothy G. Shea and Laurie J. Shea, who being by me first duly sworn, each testifies as follows: The undersigned have read the Mediated Settlement Term Sheet and the Trustee's Motion to Approve Compromise, and hereby freely and voluntarily agree to the terms therein, including our consent to the jurisdiction of the U.S. Bankruptcy Court for the Middle District of Florida.



_____
Timothy G. Shea, Debtor

_____
Laurie J. Shea, Non-Filing Spouse

Sworn to and subscribed before me, this **23rd** day of November, 2015, by Timothy G. Shea and Laurie J. Shea, who ( ✓ ) are personally known to me or ( ) produced _____ as identification.

_____
Notary Public, State of Florida
Printed Name: **Brenda Mittias**
Commission No. _____
My Commission Expires: _____

BRENDA MITTIAS
MY COMMISSION # FF 067074
EXPIRES: September 23, 2016
Bonded Thru Notary Public Underwriters

Exhibit A

## MEDIATED SETTLEMENT TERM SHEET

**Parties**:      Timothy G. Shea ("Tim Shea");
Laurie J. Shea ("Laurie Shea"); and
Gordon P. Jones, as Trustee (the "Trustee") in the bankruptcy case filed
by Tim Shea, Case No. 3:15-bk-01547-JAF (the "Bankruptcy Case").

**Estate's Claims**:    Trustee's Objections to Debtor's Claims of Exemptions, which includes
property asserted to be owned jointly by Tim Shea and Laurie Shea (ECF
No. 19; the "Objection to Exemptions"); and

As yet un-asserted claims against Tim Shea, Laurie Shea and others based
upon alleged transfers of assets by Tim Shea and alleged conversions of
certain assets belonging to Tim Shea from non-exempt to exempt
(collectively and, together with the Objections to Exemptions, the
"Estate's Claims").

**Settlement**:     The parties agree to settle the Estate's Claims upon the terms set forth
herein.

       A.    Tim Shea and Laurie Shea are jointly and severally liable
to the Trustee for and shall pay to the Trustee, the total sum of
$206,000.00 (the "Settlement Amount") as and for complete settlement
of the Estate's Claims. All payments shall be made to Gordon P. Jones,
Trustee, at P.O. Box 600459, Jacksonville, FL 32260-0459. The
Settlement Amount shall be paid as follows, with no penalty for early
payment:

       1.    Tim Shea and Laurie Shea shall pay the amount
ordered by the Court in its Order Granting Trustee's Motion for Partial
Summary Judgment (ECF No. 58) within and on the terms ordered,
including payment on or before November 30, 2015;

       2.    Tim Shea and Laurie Shea shall pay $59,564.53
within 30 days after the entry of an order approving this settlement and
the compromise becoming final and non-appealable;

       3.    Tim Shea and Laurie Shea shall pay $59,564.53
on or before April 30, 2016; and

       4.    Tim Shea and Laurie Shea shall pay $59,564.53
on or before July 31, 2016.

B.      Following the execution of this Settlement Term Sheet, the Trustee shall file notice(s) of intent to compromise the Estate's Claims in the Bankruptcy Case (the "Notice of Compromise"). The Parties shall support the Notice of Compromise at the hearing(s) on any objections to the Notice of Compromise. In the event this settlement is not approved by the court in the Bankruptcy Case (the "Bankruptcy Court"), then this Settlement Term Sheet shall be null and void and of no further effect.

C.      In the ordinary course of distributing assets to the creditors, the Trustee shall pay any claim(s) of the Internal Revenue Service in full, but such payment(s) shall be no more than $24,184.00 in the aggregate.

D.      Upon payment in full of the Settlement Amount, the following release shall become effective:

The Trustee, on behalf of himself and the estate and creditors in the Bankruptcy Case (collectively, the "Estate Entities"), irrevocably and unconditionally releases Tim Shea and Laurie Shea from all causes of action or suits, in law or in equity, based upon the Estate's Claims. The foregoing release shall not apply to the obligations of the Parties under this Settlement Term Sheet or to claims asserted by creditors in the Bankruptcy Case, which are not related to the Estate's Claims.

**Legal Expenses, Costs:**      Each party will pay its own attorneys' fees and costs, including costs of mediation. However, in any action or proceeding to enforce this Settlement Term Sheet and all documents executed in connection therewith, the prevailing party shall recover all of its costs and fees, including attorneys' fees and those incurred in any appeal.

**Governing Law:**      This Settlement Term Sheet and all documents executed in connection therewith will be governed by and construed in accordance with the substantive laws of the State of Florida without regard to principles of conflicts of law.

**No Construction Against Drafter:**      This Settlement Term Sheet was drafted with input from counsel for all Parties. Accordingly, the usual rules of construction of ambiguities against the drafter shall not apply.

**Jurisdiction:**      The Parties specifically agree that the Bankruptcy Court shall retain jurisdiction for the purposes of enforcing this Settlement Term Sheet and for all other purposes related to the terms herein, including over

2

Initials:

Laurie Shea.   Laurie Shea stipulates that, should she ever seek bankruptcy relief, her obligations under this Settlement Term Sheet and all documents executed in connection therewith shall be non-dischargeable.  Laurie Shea acknowledges she has had a reasonable opportunity to consult with her own independent counsel prior to executing this document and does so voluntarily and of her own free will and accord.

**Injunction:**   Tim Shea agrees to include a term in the proposed order approving this compromise enjoining him from filing a petition for relief under any chapter of the Bankruptcy Code for a period of one year from the entry of such order.

**Additional
Documentation:**   This Settlement Term Sheet contains the essential terms of the settlement agreement between the Parties; however, the Parties agree to reasonably cooperate in the preparation of all such additional documents necessary to effectuate the settlement.

**Binding
Agreement:**   Subject only to Bankruptcy Court approval, this Settlement Term Sheet is a binding agreement, notwithstanding   the  necessity,  if  any,  to execute further documents to effectuate the settlement.

**Complete
Agreement:**   This Settlement Term Sheet embodies the complete agreement among the Parties and shall not be modified or altered except in writing signed by all Parties.

**Execution by
Counterparts:**   This Settlement Term Sheet may be executed in counterparts transmitted to the Mediator by email to roy.kobert@gray-robinson.com, and each counterpart will be considered an original.

**[Signature Page(s) Follow]**

3

Agreed this _12_ day of November, 2015.


_____
Timothy G. Shea

_____
Laurie J. Shea

_____
Gordon P. Jones, Trustee

_____
Roy Kobert,
Mediator

Approved as to form only:

**THAMES MARKEY & HEEKIN, P.A.**    **SMITH HULSEY & BUSEY**

By_____            By_____
    Bradley R. Markey                  Lanny Russell

Florida Bar No. 0984213            Florida Bar No. 030397
50 North Laura Street, Suite 1600  225 Water Street, Suite 1800
Jacksonville, Florida 32202        Jacksonville, Florida 32202
(904) 358-4000                     (904) 359-7700
(904) 358-4001 (Facsimile)         (904) 359-7708 (Facsimile)
brm@tmhlaw.net                     lrussell@smithhulsey.com

Attorneys for Timothy G. Shea      Attorneys for Gordon Jones, Chapter 7 Trustee

4

**Certificate of Service**

I certify that, on November $\underline{23}$, 2015, a copy of the forgoing was served by electronic mail to Bradley R. Markey, Esq., Stutsman Thames & Markey, P.A., 50 North Laura Street, Suite 1600, Jacksonville, FL 32202; Gordon P. Jones, Trustee, PO Box 600459, Jacksonville, FL 32260-0459; United States Trustee - JAX 7, 400 W Washington St, Suite 1100, Orlando, FL 32801; Christopher Paolini, Esq., Carlton Fields Jorden Burt, P.A., 450 S Orange Ave, Suite 500, Orlando, FL 32801-3336; and Nicholas V. Pulignano, Esq. and Tyler J. Oldenburg, Esq., Marks Gray, P.A., PO Box 447, Jacksonville, FL 32201 and by U.S. Mail, postage prepaid, to all parties listed on the attached mailing matrix and to those listed below.

Rialto Capital Advisors of New York, LLC
c/o CT Corporation System (Registered Agent)
111 Eighth Avenue
New York, NY 10011

RL Regi Florida, LLC
c/o CT Corporation System (Registered Agent)
1200 South Pine Island Road
Plantation, FL 33324

_Fanny Russell_
Attorney

00915645.2

Label Matrix for local noticing
113A-3
Case 3:15-bk-01547-JAF
Middle District of Florida
Jacksonville
Mon Nov 23 13:58:41 EST 2015

Hancock Bank
c/o Carlton Fields Jorden Burt
450 S. Orange Avenue
Suite 500
Orlando, FL 32801-3370

Roy S. Kobert
301 E. Pine St., Ste. 1400
Orlando, FL 32801-2741

Peter Mocke
Fleming & Company, LLC
11636 Davis Creek Rd., E.
Jacksonville, FL 32256-3018

Timothy G Shea
4217 2nd Street South
Jacksonville Beach, FL 32250-6179

Chester Stokes
6966 Business Park Blvd. N
Jacksonville, FL 32256-2735

Christopher M. Paolini, Esq.
Carlton Fields Jorden Burt, P.A.
450 S. Orange Ave., #500
Orlando, FL 32801-3370

Connie A. Shea
8100 Cypress Hollow Ct.
Ponte Vedra Beach, FL 32082-1905

Duval County Tax Collector
231 E. Forsyth St.
Jacksonville, FL 32202-3361

Duval County Tax Collector
231 Forsyth St. #130
Jacksonville FL 32202-3380

FL Dept. of Revenue
5050 W. Tennessee St.
Tallahassee, FL 32399-0100

FL Dept. of State
Clifton Building
2661 Executive Center Dr.
Tallahassee, FL 32301-5020

Florida Dept. of Revenue
Bankruptcy Unit
P.O. Box 6668
Tallahassee, FL 32314-6668

Florida Keys Realty
P.O. Box 421177
Summerland Key, FL 33042-1177

German American Capital Corp.
351 W. Camden St.
Baltimore, MD 21201-7912

German American Capital Corp.
c/o Nicholas V. Pulignano
PO BOX 447
Jacksonville, FL 32201-0447

Hancock Bank
1022 W. 23rd St.
Panama City, FL 32405-3689

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

John C. Kunkel
Arendale Holdings Corp.
4200 Marsh Landing Blvd., #100
Jacksonville Beach, FL 32250-1424

John Hantzis and Leigh B. Whitaker
1370 S. 16th Ave.
Jacksonville Beach, FL 32250-3218

John W. Shea
8100 Cypress Hollow Ct.
Ponte Vedra Beach, FL 32082-1905

Laurie J. Shea
4217 2nd St. S
Jacksonville Beach, FL 32250-6179

Manitoba Intergovernmental Affairs
P.O. Box 1017
36 Armitage Ave. W
Minnedosa, CANADA MB R0J 1E0

Michael E. Braren
P.O. Box 378
Ponte Vedra Beach, FL 32004-0378

Monroe County Tax Collector
Attn: Danise D Henriquez, CFC
P.O. Box 1129
Key West, FL 33041-1129

Navient
P.O. Box 9500
Wilkes Barre, PA 18773-9500

Navient Solutions Inc
220 Lasley Ave.
Wilkes-Barre Pa 18706-1430

New Kings Road, LLC
4200 Marsh Landing Blvd., #100
Jacksonville Beach, FL 32250-1424

Nicole Latham, Esq.
Winderweedle Haines Ward & Woodham
329 Park Ave., 27th Fl.
Winter Park, FL 32789

Plummer Creek, LLC
4200 Marsh Landing Blvd., #100
Jacksonville Beach, FL 32250-1424

RL Regi Florida, LLC
Attn: Peter G. Lindner
850 Third Ave., #168
New York, NY 10022-6222

RL Regi Florida, LLC
c/o Michael Wang
Rialto Capital Advisors
790 NW 107 Ave., Suite 400
Miami, FL 33172-3159

Rialto Capital Advisors of NY
RL Regi Florida, LLC
Attn: Peter G. Lindner
850 Third Ave., #168
New York, NY 10022-6222

River Glen, LLC
2250 St. Johns Bluff Rd. S, #100
Jacksonville, FL 32246

SLG Braren, LLC
4200 Marsh Landing Blvd., #100
Jacksonville Beach, FL 32250-1424

Shea Investment Group, Inc.
8100 Cypress Hollow Ct.
Ponte Vedra Beach, FL 32082-1905

Stockton Real Estate, Inc.
574 Ponte Vedra Blvd.
Ponte Vedra Beach, FL 32082-2316

Stokes Land Group, LLLP
4200 Marsh Landing Blvd., #100
Jacksonville Beach, FL 32250-1424

SunTrust Bank
Attn: Support Services
P.O. Box 85092
Richmond, VA 23286-0001

SunTrust Bank
CLSC - Orlando
7455 Chancellor Dr.
Orlando, FL 32809-6213

SunTrust Bank
P.O. Box 305183
Nashville, TN 37230-5183

Tyler J. Oldenburg, Esq.
Marks Gray, P.A.
P.O. Box 447
Jacksonville, FL 32201-0447

United States Trustee
135 W Central Blvd, Suite 620
Orlando, FL 32801-2476

Gordon P. Jones +
P O Box 600459
Jacksonville, FL 32260-0459

Bradley R Markey +
Thames Markey & Heekin, P.A.
50 N Laura Street Suite 1600
Jacksonville, FL 32202-3614

E Lanny Russell +
Smith Hulsey & Busey
225 Water Street
Suite 1800
Jacksonville, FL 32202-4494

United States Trustee - JAX 13/7 +
Office of the United States Trustee
George C Young Federal Building
400 West Washington Street, Suite 1100
Orlando, FL 32801-2210

Leanne McKnight Prendergast +
Smith Hulsey & Busey
225 Water Street Suite 1800
Jacksonville, Fl 32202-4494

Christopher Paolini +
Carlton Fields, PA
PO Box 1171
Orlando, FL 32802-1171

Tyler J Oldenburg +
Marks Gray PA
1200 Riverplace Boulevard
Suite 800
Jacksonville, FL 32207-1834

Joseph Walter Rogan +
Smith Hulsey & Busey
225 Water Street, Suite 1800
Jacksonville, FL 32202-4494

The following recipients may be/have been bypassed for notice due to an undeliverable (u) or duplicate (d) address.

(u)German American Capital Corporation
Marks Gray, P.A.
PO Box 447
Jacksonville

(u)Lanny Russell

End of Label Matrix
Mailable recipients    50
Bypassed recipients     2
Total                  52